# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| EVA RUIZ-CAMACHO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*<br><br>　　　　　Defendants. | 2:16-cv-02374-RFB-VCF<br>**ORDER**<br><br>REQUEST FOR GUIDANCE REGARDING AUTHORIZATIONS [ECF NO. 30] |

On January 5, 2018, the parties submitted a stipulation to amend the discovery schedule in this case. (ECF No. 30). Parties also requested guidance from the Court regarding proposed authorizations to disclose Plaintiff's medical information. (*Id.* at 2-3). These authorizations cover Plaintiff's entire medical record or file starting at November 1, 2007 from various sources. (ECF No. 30-1).[1] Plaintiff argued that Defendant's proposed authorizations were too broad and would cover irrelevant information. (ECF No. 30 at 2-3). Defendants argued that the medical information would "bear on plaintiff's injury claim as well as her economic and/or wage loss claim." (*Id.* at 3).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery is generally broad and covers evidence that "appears reasonably calculated to lead to the discovery of admissible evidence." *Kerr v. U.S. Dist. Court for N. Dist. of California*, 511 F.2d 192, 196 (9th Cir. 1975) (quoting *Olympic Refining Company v. Carter*, 332 F.2d 260, 266 (9th Cir. 1964)).

---

[1] ECF No. 30-1 also contains an "Authorization to Release Educational Information and Records," which this Order does not discuss, as it was not mentioned by either party in the stipulation.

1

Plaintiff's medical information is relevant to her injury and wage loss claims. Information relating to pre-existing, mental health, and drug-related conditions and other sicknesses or illnesses will bear on Plaintiff's ability to work. Though some insurance records may implicate the collateral source rule, that is not a basis to bar their discovery.

Plaintiff argues that specific medical information relating to gynecological records and laboratory tests are not relevant to this case. (ECF No. 30 at 2). The Court finds on the current record that Plaintiff's gynecological records are not relevant to claims or defenses asserted in the case, and Defendant has failed to provide a basis for obtaining detailed laboratory results at this stage in the proceedings. To the extent that Defendant's proposed authorizations cover this information, the Court concludes that the authorizations are too broad.

Accordingly, and for good cause shown,

IT IS ORDERED that Defendant has until January 19, 2018 to submit amended authorizations to Plaintiff specifically exempting gynecological records and laboratory tests from disclosure.

DATED this 9th day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE